IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

11 FEB 18 PM 4: 02

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| MARY E. HINING,<br>a North Carolina sole proprietor,<br><br>Plaintiff,<br><br>v.<br><br>REBECCA L. GREGG,<br>an Indiana sole proprietor<br><br>Defendant. | §§§§§§§§§§§§ **COMPLAINT**<br><br>1:11-cv- 0 2 6 1 TWP -DML |

1. Plaintiff Mary E. Hining ("Ms. Hining"), brings this action pursuant to 17 U.S.C. § 501, *et. seq.*, seeking damages and disgorgement of profits against Defendant Rebecca L. Gregg ("Ms. Gregg") for willful copyright infringement, and alleges as follows:

**PARTIES**

2. Plaintiff Mary Elizabeth Hining ("Ms. Hining") is an adult and a North Carolina sole proprietor with her principal place of business in Durham, North Carolina 27713.

3. Upon information and belief, Defendant Rebecca Gregg ("Ms. Gregg") is an adult and resides and operates a business in Indianapolis, Indiana. Upon information and belief, Ms. Gregg resides at 10440 Cornell Avenue, Apartment B, Indianapolis, Indiana 46280.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b).

5. This Court has personal jurisdiction over Ms. Gregg consistent with the U.S. Constitution because, on information and belief, Ms. Gregg regularly and actively conducts business and resides in this State and judicial district.

6. Venue is proper in the United States District Court for the Southern District of Indiana pursuant to 28 U.S.C. §§ 1391(b) and (c).

## FACTUAL BACKGROUND

7. Ms. Hining and Ms. Gregg both have online stores through Etsy, Inc. ("Etsy"), which hosts www.etsy.com. Etsy is an online community that allows artists to sell items over the internet. Ms. Hining's Etsy store is named Marywibis and was opened on December 10, 2007. Ms. Hining creates the artwork she sells on Etsy in Durham, North Carolina. Ms. Hining sells various types of artwork on Marywibis, but focuses on painting glass and ceramic dishware. On May 18, 2010, Ms. Hining received copyrights for certain designs from the United States Copyright Office under registration number VA0001718592, attached as **Exhibit A**.

8. Ms. Gregg's Etsy store is named gnome292 and was opened on September 21, 2010. Upon information and belief, Ms. Gregg creates the artwork she sells on Etsy in Indianapolis, Indiana.

9. In January 2011, it was brought to Ms. Hining's attention that Ms. Gregg was selling glassware that infringed upon Ms. Hining's copyrights for at least 21 items that were for sale on gnome292 (the "Hining IP"). Ms. Gregg was selling copies of the Hining IP in her store, gnome292, without permission from Ms. Hining for use of her

copyrighted artwork. Upon information and belief, Ms. Gregg has been selling the Hining IP items since November of 2010. To date, Ms. Gregg has made 15 sales containing the Hining IP.

10. Ms. Hining contacted Ms. Gregg via an electronic message on Etsy and requested removal of the infringing items, unfortunately, this attempt was unsuccessful. As such, on January 19, 2011, Ms. Hining sent a letter to Etsy's legal department requesting that Etsy remove the items from Ms. Gregg's store, gnome292, which were infringing on the Hining IP, attached as **Exhibit B**. Etsy removed the Hining IP from gnome292 on January 20, 2011. Then, on January 26, 2011, Etsy received a counter notice from Ms. Gregg filed under the Digital Millennium Copyright Act, attached as **Exhibit C**.

4. To stop Etsy from re-listing the Hining IP on gnome292, the Digital Millennium Copyright Act requires that Ms. Hining file an action seeking a court order against Ms. Gregg. In Ms. Gregg's counter notice, she claims that her designs are inspired by nature. However, upon information and belief, Ms. Gregg has looked at Ms. Hining's Etsy store, and even labeled Ms. Hining's store as a "favorite." The "favorite" feature is a way to bookmark your favorite stores on Etsy. As such, upon information and belief, Ms. Gregg is familiar with the designs of Ms. Hining.

**COUNT I**
**COPYRIGHT INFRINGEMENT – 17 U.S.C. § 501**

12. Ms. Hining incorporates by reference paragraphs 1 through 11.

13. Ms. Hining owns a valid and enforceable copyright in the Hining IP.

14. Defendant has reproduced, prepared derivative works of, distributed, and/or displayed publicly the Hining IP Plans, which are identical or substantially similar to the copyrighted Hining IP, in violation of 17 U.S.C. §§ 106 and 501.

15. On information and belief, Ms. Gregg has produced and sold, and plans to continue to sell, numerous pieces of artwork that infringe upon Ms. Hining's copyright. The number of items Ms. Gregg has sold that infringe upon Ms. Hining's copyrights is 15.

16. Defendant has knowingly and willfully infringed upon Ms. Hining's copyrights by virtue of the Hining IP that was for sale on gnome292.

17. As a result of Defendant's infringement, Ms. Hining has suffered damages, including lost sales and lost profits.

18. Ms. Hining is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in a sum of not less than $750 or more than $30,000 as the Court considers just.

19. Defendant's infringement of Ms. Hining's copyrights, in violation of 17 U.S.C. §§ 106 and 501, has caused irreparable injury to Ms. Hining. Upon information and belief, unless restrained and enjoined, Defendant will continue to infringe Ms. Hining's copyrights.

20. Ms. Hining's remedy at law is not adequate to redress the harm Defendant has caused and will continue to cause until its conduct is restrained, entitling Ms. Hining to injunctive relief pursuant to 17 U.S.C. § 502 and the equitable authority of this Court.

WHEREFORE, Ms. Hining respectfully requests that the Court will:

(A) Preliminary and permanently enjoin Defendant from:

    (i)    directly or indirectly reproducing, preparing derivative works of, selling, offering for sale, distributing, and/or publicly displaying infringing copies of Ms. Hining's copyrights; and

    (ii)    otherwise engaging in acts of copyright infringement of Ms. Hining's copyrights.

(B)    Order Defendants to pay all statutory damages suffered by Ms. Hining as a result of Defendant's infringing activities, pursuant to 17 U.S.C. § 504;

(C)    Order Defendants to disgorge all profits attributable to its infringement of the Ms. Hining's copyrights, pursuant to 17 U.S.C. § 504;

(D)    Order that Defendant pay Ms. Hining her costs;

(E)    Grant such other and further relief as this Court deems just and equitable.

Date:    February 11, 2011

Mary Elizabeth Hining
3617 Sugar Tree Place
Durham NC, 27713
919-357-8168
maryhining@gmail.com
*Pro Se Plaintiff*

5